2:18-mn-2873-RMG Date Filed 06/02/20 Entry Number 631 Page 1 of 5
Case 1:19-cv-00178-KWR-JFR Document 60 Filed 06/03/20 Page 1 of 5
Case MDL No. 2873 Document 650 Filed 06/02/20 Page 1 of 5

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: Sandra S. Shealy
DEPUTY CLERK
June 02, 2020

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION     MDL No. 2873

## TRANSFER ORDER

    **Before the Panel:**[*] Plaintiffs the State of New Mexico, by and through the New Mexico Attorney General Hector H. Balderas, and the New Mexico Environment Department (collectively, the State) move under Panel Rule 7.1 to vacate our order that conditionally transferred the *New Mexico* action listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873. The federal defendants in the *New Mexico* action did not respond to the State's motion and are deemed to acquiesce to it. *See* Panel Rule 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it."). Three common manufacturer defendants in the MDL—Tyco Fire Products, LP, Chemguard, Inc., and 3M Company—oppose the motion to vacate.[1]

    The State argues that transfer is inappropriate because it asserts environmental remediation claims against the United States, rather than product liability claims against manufacturers or distributors of aqueous film-forming foams (AFFFs). Even so, the *New Mexico* action shares common factual questions with the actions pending in MDL No. 2873. Like many of those actions, the State alleges that groundwater near military bases was contaminated through the use of AFFFs to extinguish aviation fuel fires. Several actions involving claims against the United States relating to the use of AFFFs at Air Force bases have been transferred to or filed in the MDL. These actions will involve the same or similar discovery relating to the military's use of AFFFs, as well as the United States' defenses to liability. And, while most of the actions in the MDL involve product liability claims against AFFF manufacturers, a number of actions involve environmental claims brought by states, water authorities, or other governmental entities. *See* Transfer Order at 1–2, *In*

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] The State suggests that the manufacturer defendants lack standing to oppose the State's motion to vacate because they are not parties to the *New Mexico* action. While this argument may have some validity with respect to parties moving for transfer under Section 1407, *see* 28 U.S.C. § 1407(c)(ii), it has none with respect to parties opposing a motion to vacate a conditional transfer order. Whether an action involving common questions of fact with actions in the MDL proceeds separately can affect the efficient conduct of the actions as a whole. Parties in an MDL, therefore, have an interest in seeing that actions involving common factual questions are transferred to the MDL. *Cf. In re IBM*, 316 F. Supp. 976, 976–77 (J.P.M.L. 1970) (holding that plaintiffs in an MDL have standing to move to vacate an order that conditionally transferred to the MDL an action in which plaintiffs are not parties).

2:18-mn-02873-RMG     Date Filed 06/02/20     Entry Number 631     Page 2 of 5
Case 1:19-cv-00178-KWR-JFR   Document 60   Filed 06/03/20   Page 2 of 5
Case MDL No. 2873   Document 650   Filed 06/02/20   Page 2 of 5

-2-

*re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Apr. 2, 2019), ECF No. 384 (transferring actions brought by States of New York and Ohio and observing that merely because the States brought "their claims as *parens patriae* or on behalf of a public trust does not significantly diminish the factual overlap with the claims pending in the MDL").

Additionally, one of the two Air Force bases named in the State's complaint is directly at issue in the MDL. At least four actions pending in the MDL allege that the Air Force's use of AFFFs at Cannon Air Force Base contaminated nearby water supplies. Two of these actions involve claims against the United States. The *New Mexico* action is likely to share common factual questions and discovery with these actions. Centralization will allow coordinated discovery among all these actions to proceed in a streamlined and efficient manner.

The State emphasizes that various defenses pertinent to the AFFF manufacturers, such as the government contractor defense, are not at issue in the *New Mexico* action. We previously rejected the argument that actions that do not implicate the government contractor defense are inappropriate for transfer to MDL No. 2873. *See id.* at 2 ("[T]hat defendants' potential government contractor defense may not be applicable to some sites identified by the States does not weigh against centralization. Multiple contamination sites already at issue in the MDL involve non-military firefighting or industrial facilities, and thus also will not involve this defense."). In any event, transfer under Section 1407 does not require a complete identity of factual and legal issues when the action, as does the *New Mexico* action, arises from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008).

The State also argues that it will be prejudiced by transfer. This argument is not convincing. Pretrial discovery relevant to the two Air Force bases at issue in the *New Mexico* action can take place in New Mexico. It is unlikely that any case-specific witnesses will be required to travel to South Carolina. Further, transfer to the MDL will allow for coordination of this discovery with the other actions in the MDL that assert claims relating to Cannon Air Force Base. And, the State's counsel already represents at least one other plaintiff in the MDL (the State of Vermont). Transfer thus is unlikely to place significantly greater costs on the State. Regardless, even if transfer does pose some inconvenience to the State, "we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012).

The pending motions for preliminary injunction and dismissal are not an impediment to transfer. These motions may well require resolution of factual and legal questions present in other actions pending in the MDL.[2] Transfer thus will reduce the risk of inconsistent pretrial rulings. Moreover, a review of the docket gives no indication that a ruling by the transferor court is imminent. As we stated when we created this MDL, to the extent the State seeks "unique or time-

---

[2] Although the State asserts that no action in the MDL raises a claim under the New Mexico Hazardous Waste Act, other plaintiffs in the MDL *do* assert claims under the federal Resource Conservation and Recovery Act (RCRA).

2:18-mn-02873-RMG     Date Filed 06/02/20     Entry Number 631     Page 3 of 5
Case 1:19-cv-00178-KWR-JFR     Document 60     Filed 06/03/20     Page 3 of 5
Case MDL No. 2873     Document 630     Filed 06/02/20     Page 3 of 5

-3-

sensitive injunctive relief pertaining to its water supplies, [it] can and should raise such concerns with the transferee court." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1395–96 (J.P.M.L. 2018).

Finally, the State contends that transfer under Section 1407 is inappropriate because it would interfere with its responsibility for protecting local public health and safety and thus would offend its state sovereignty. This argument is curious, given that the State filed its action in federal court, asserted a federal cause of action, and names exclusively federal government defendants. Having done so, the State will not be heard to argue that only certain federal procedural rules and statutes are applicable to it. Furthermore, the plain language of Section 1407 applies to all civil actions. Had Congress wished to carve out RCRA complaints by states, it could have done so. *See, e.g.*, 28 U.S.C. § 1407(g) ("Nothing in this section shall apply to any action in which the United States is a complainant arising under the antitrust laws.")

Accordingly, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2873, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of South Carolina was an appropriate Section 1407 forum for actions in which plaintiffs allege that AFFF products used at airports, military bases, or certain industrial locations caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA) into local groundwater and contaminated drinking water supplies. The actions in the MDL share factual questions concerning the use and storage of AFFFs; the toxicity of PFOA and PFOS and the effects of these substances on human health; and these substances' chemical properties and propensity to migrate in groundwater supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394. The *New Mexico* action will involve similar factual questions.

2:18-mn-02873-RMG   Date Filed 06/02/20   Entry Number 631   Page 4 of 5
Case 1:19-cv-00178-KWR-JFR   Document 60   Filed 06/03/20   Page 4 of 5
Case MDL No. 2873   Document 630   Filed 06/02/20   Page 4 of 5

-4-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable Richard M. Gergel for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor           Catherine D. Perry
Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton

2:18-mn-02873-RMG    Date Filed 06/02/20    Entry Number 631    Page 5 of 5
Case 1:19-cv-00178-KWR-JFR   Document 60   Filed 06/03/20   Page 5 of 5
Case MDL No. 2873   Document 630   Filed 06/02/20   Page 5 of 5

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION     MDL No. 2873

## SCHEDULE A

<u>District of New Mexico</u>

STATE OF NEW MEXICO, ET AL. v. UNITED STATES, ET AL.,
    C.A. No. 1:19−00178